MURDOCK, Judge,
concurring in the result.
I do not believe the plaintiff introduced substantial evidence of legal causation. See generally Ex parte Trinity Indus., Inc., 680 So.2d 262, 266 (Ala.1996) (confirming viability of two-pronged nonacci-dental-injury causation test enunciated in City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App.1975)). The only evidence that was probative as to the issue of legal causation came from Manuel Smith, a coworker of the deceased, and from a cardiologist, Dr. Brad Caven-der. Neither witness’s testimony supported a finding of legal causation.
Mr. Smith stated that he and Staggs, working together, had loaded between 100 and 120 boxes into Staggs’s truck over a period of about 35 minutes. Smith stated that he could have loaded the truck by himself in 25 minutes. Smith explained the reason that both men, working together, took 10 minutes more to load the truck than it could have taken Smith to load the truck by himself: “We were just loading it *818 and carrying it, and talking crazy stuff and everything, you know,” and “just having fun and basically loading it.” According to Smith, after they finished loading the truck the two men stood and talked for a few minutes, after which Staggs took his sack lunch and went into the computer room. Smith testified that 10 to 15 minutes later, Staggs collapsed.
Consistent with the pace of work described by Smith, Dr. Cavender testified that, in his opinion, to a reasonable degree of medical certainty, Staggs’s heart attack was a “typical” result of heart disease developed over many years; Dr. Cavender further testified that the task Staggs performed immediately prior to his death was no more strenuous than walking from a parking deck into a hospital and that Staggs’s work in no way contributed to his death.
To establish legal causation, the claimant must establish that “the performance of his or her duties as an employee exposed him or her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives.” Ex parte Trinity, 680 So.2d at 267. In my opinion, the claimant did not introduce substantial evidence indicating that the physical activity in which Staggs engaged immediately before his death entailed any greater exertion than that in which people normally engage in their everyday lives, or that it exposed him to any danger or risk materially in excess of that to which people are normally exposed. Compare Howard (no evidence of the employee’s having engaged in strenuous activity or having been exposed to risks different from those to which others not employed in the employee’s field are exposed) with Ex parte Trinity (employee was subjected to cardiovascular stress in operating punch press, a risk materially in excess of that arising from merely living). For this reason, I agree that the trial court’s judgment should be reversed.